**Irene WIRAWAN, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 03-73676.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 2, 2007.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., Rebecca Rohr, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Irene Wirawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's finding that petitioner failed to demonstrate past persecution. *See Singh v. INS,* 134 F.3d 962, 970–71 (9th Cir.1998). Substantial evidence further supports the IJ's finding that petitioner failed to establish a well-founded fear of future persecution, because she failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). Accordingly, petitioner's asylum claim fails.

Because petitioner cannot meet her burden to demonstrate eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of re-

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

We decline to consider the IJ's denial of petitioner's CAT claim because petitioner did not raise the issue in her opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

Petitioner's motion to stay voluntary departure is granted because, pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir. 2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. This stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.